## BOOTH et al. v. HORWITZ.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

ATTACHMENT—CAUSE OF ACTION—BUILDING CONTRACTS—MATERIAL MEN.

An affidavit for attachment stated that plaintiff furnished material to a contractor, which was used by him, under a written contract in the construction of a house owned by defendant in New Jersey; that payment of the amount had been demanded of the contractor, and refused; that defendant had been notified in writing of such refusal, and requested to retain the amount and pay plaintiff; that the contractor had not notified defendant not to pay plaintiff, but assented to the claim; and that there was a balance due from defendant to the contractor. *Held* that, as Laws N. J. 1898, c. 226, § 3, requires the owner to pay the claim of a material man only "on being satisfied of the correctness of said demand," and there was no competent evidence that the owner was satisfied of its correctness, the affidavit did not disclose a cause of action to recover money only, as damages for "breach of contract express or implied," under Code Civ. Proc. § 635, subd. 1, and was insufficient.

Appeal from special term, New York county.

Action by Alfred W. Booth, Edward H. Booth, and Allan H. Church, as partners, against Morris Horwitz. From an order of the special term vacating a warrant of attachment, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles S. Foote, for appellants.
William Langdon, for respondent.

PATTERSON, J. This appeal is from an order granting a motion to vacate an attachment "on the ground that the affidavits and papers upon which the same was granted were and are insufficient in law, upon the face thereof, to justify the granting thereof." The specific reason for granting the motion appears to be that the affidavit' presented on the application for the attachment did not disclose a cause of action, within the requirement of subdivision 1 of section 635 of the Code of Civil Procedure. The claim of the plaintiffs is based upon the provisions of a statute of the state of New Jersey relating to liens of mechanics or material men. Several sections of that statute are partially'set forth in the affidavit, but in a fragmentary and disjointed way; there being omitted therefrom some of the provisions of the most important sections. We cannot undertake to construe authoritatively this statute, upon garbled quotations made therefrom; but, if we assume that the omitted portions have no bearing upon the subject-matter of this action, it is apparent that the relation of debtor and creditor between the plaintiffs and the defendant is not definitely established by any of the matters set forth in the affidavit referred to, nor is it shown that a liability of the defendant exists upon an express or implied contract, within the requirement of the subdivision of the section of the Code of Civil Procedure above mentioned. It appears by the first section of the New Jersey statute (Laws 1898, c. 226), as the same is presented to us, that "every building" erected or built in that state after the passage of the act "shall be liable for the payment of any debt contracted and owing to any person for materials furnished for the erection and construction thereof, which debt shall be a lien on such building and on the land whereon it stands." It is shown in the affidavit that the plaintiffs furnished to Goldstein & Shopiro certain materials to be used by them in the construction of a building in New Jersey for the defendant, and that such materials were so used, and that a certain specified sum became due from the contractors to the plaintiffs before this action was brought, which sum was demanded, and payment thereof refused. By the second section of the New Jersey statute (Laws 1898, c. 226) it is provided that, whenever a building shall be erected in whole or in part "by contract in writing," such building and the land whereon it stands shall be liable to the contractor alone for work done or materials furnished "in pursuance of such contract," provided the contract, or a duplicate; with specifications of the work, be filed in a certain office before the work is done or the materials furnished. By the third section it is provided that when the contractor, on demand, refuses to pay for materials used in the erection of such building, the material man shall give notice in writing to the owner of the building of such refusal, and of the amount due, whereupon the owner shall be authorized to retain the amount so due to' the material man out of the amount owing or that may thereafter become due on the contract, and the owner shall give notice in writing to the contractor of such notice and demand, and, if the contractor does not pay the material man, then such owner, "on being satisfied of the correctness of said demand, shall pay the same," and the receipt of the material man for the same shall entitle such owner to an allowance thereof in the settlement of his accounts with the con-

tractor. The fourth section provides that when notices are served under the third section, and information thereof is given by the owner to the contractor, the contractor, within five days after receiving it, shall notify the material man that he disputes his or their claim, and requests him or them to establish the same by judgment; thereupon the owner shall not pay the claim until it is so established, provided the contractor notifies the owner that he has informed the material man that he disputes his claim. The provisions of this statute seem to be very peculiar. By the first section the building and land are made liable for any debt contracted, to any person furnishing materials for the building, and that debt is expressly made a lien on such building, and on the land whereon it stands; but the second section provides that where there is a contract in writing, filed in a certain manner, the liability for the materials furnished shall be to the contractor alone. The affidavit herein shows that there was a contract in writing between Goldstein & Shopiro, as contractors, and the defendant, as owner, and that it and the specifications were filed in the office designated in the statute. Under the second section, therefore, the building and land are "liable" to Goldstein & Shopiro. It is shown that the notices required by the third section were given, and that Goldstein & Shopiro did not dispute the amount of the plaintiffs' claim or lien, but, on the contrary, have notified the plaintiffs that they have assented to the claim, and to its correctness and justice. It is argued by the plaintiffs that thereupon the defendant has become liable to them, under that provision of the third section which says that the owner shall pay the same (that is, the amount of the claim) to the material man. No right of action is expressly given by the terms of this statute, but it is argued that by necessary implication the right to sue follows. There is, however, a very material qualification of the requirement that the owner shall pay; and that is, "on being satisfied of the correctness of said demand." The adjustment is not left by the statute altogether between the contractor and the material man. Some small right is reserved to the owner. An obligation enforceable against him, and to be collected by execution from his property, is not to be created solely by the concurrence of a contractor, who may altogether fail to perform his contract, and a material man, whose account may be certified and acquiesced in by a defaulting contractor. There is no competent proof in this case that the owner was satisfied of the correctness of the demand. All that appears on that subject is that the affiant, whose affidavit was used on the application for the attachment, states that:

"The attorney for said defendant, in writing, has made the following statement in reference to the said building and the said contractors: 'The contract price for this house was $2,600. Mr. Horwitz had advanced * * * [here again is a gap in the quotation from the alleged attorney's statement] $750, which leaves a balance of $1,850 still to be paid."

Who this attorney is,—whether he is an attorney at law, or an attorney in fact,—or what authority the unnamed person had to make admissions for the defendant, is not shown.

The affidavit was insufficient as a basis for the attachment. The selected quotations from the New Jersey statute are not a sufficient

basis for imposing a liability on this defendant as upon a contract, express or implied; and, if they were, the proof is altogether insufficient to show that the defendant was satisfied of the correctness of the claim, within the meaning of the third section of that statute, as it is imperfectly set forth in the affidavit.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.